JOHN HANLY *versus* SOLOMON SIDELINGER.

In the appraisers' certificate of a levy upon real estate, the words " we proceeded with the officer to view and examine the debtor's real estate, and having viewed and examined the same," &c., sufficiently show that they entered with the officer upon the estate levied on.

And the words "*the fee simple therein*" show that the *land* was set off.

As between debtor and creditor, a levy is valid without being recorded.

If an officer obtains leave to amend a return and files an amended copy with the clerk, but does not amend the original, and afterwards obtains leave to withdraw his amended copy, the original return stands without amendment.

Hanly *v.* Sidelinger.

On Exceptions to rulings of Walton, J.

Writ of Entry. The case was submitted to the presiding Judge, with the right to except.

The plaintiff introduced copy of judgment, plaintiff against defendant, October term, 1857, Waldo county, and offered the original execution, return of levy, and certificates thereon. Defendant objected to their introduction, and showed that the execution and levy were never correctly recorded, as required by law, by introducing copy of execution and levy from the registry of deeds, showing an error.

The material facts are stated in the opinion of the Judge.

The defendant made the following objections to the validity of the levy: —

1. Neither the appraisers' certificate or officers' return show that the appraisers entered upon the premises "with the officer;" or that they viewed the same "so far as was necessary for a just estimate of its value."

2. Neither the return or appraisers' certificate show that the *land* was set off or appraised. It is the "fee *simple*" that is appraised.

3. The execution and levy do not appear to have been either returned into the clerk's office, or recorded in the registry of deeds, and were therefore inadmissible as evidence; and, if admitted, form no ground for this action.

The record of the number of cents in the judgment not being correct, the execution was not recorded.

A levy like a deed cannot be introduced in evidence to support title, without having been first recorded.

4. The levy was void because not made by three disinterested men.

The amendment of the officer was legally made.

The subsequent proceedings were irregular, being upon the motion of a party, and therefore left the levy as amended.

The Judge gave the following decision: —

1. The language of the appraisers' certificate is as follows: —" *We proceeded with the officer to view and examine the debtor's real estate,*" * * * * "*so far as was necessary*

*to a just estimate of its value,*" and "*having viewed and examined the same; we appraised,*" &c.

The appraisers' certificate, referred to by the officer and thus made part of his return, shows a substantial compliance with the statute in this respect.

2. I think it does sufficiently appear that it was the fee simple in the debtor's land that was set off. The language of the return is "fee simple *therein,*" that is, the fee simple in the real estate. I therefore overrule this objection.

3. The original execution, with the appraisers' certificate and officer's return thereon, are offered in evidence by the demandant, and admitted by the Court, although it does not appear, otherwise than by the officer's return thereon, that the execution has ever in fact been returned into the clerk's office. The tenant's objection to their admissibility is overruled.

The tenant further objects that the execution, certificate and officer's return thereon, if admitted, "form no ground for this action," because the number of cents in the judgment being recorded *four* instead of *forty,* it cannot be said that the execution was correctly recorded, and therefore, in contemplation of law, not recorded at all.

But the R. S., c. 7, § 18, provide that every instrument shall be considered as recorded, at the time the register minutes upon it the time when it was received and filed. The minute, however, upon the back of this execution, is somewhat defective in not stating the time of day when it was received, which the statute requires. I do not, however, make any ruling upon this point, because, it not appearing that there are any parties having any interest in the real estate levied upon, except the debtor and the creditor, as between them the levy is valid without being recorded.

5. The officer's return states that the appraisers were disinterested. This is conclusive so far as the validity of the levy is concerned. It is true that the officer once obtained leave to amend his return by striking these words out, and did in fact erase them from a copy, and file the copy with

Drown *v.* Smith.

the clerk of this Court, but he never erased them from his original return, but, on the contrary, by leave of Court withdrew his motion to amend, and had an entry made upon the docket that the return was to stand as made originally without amendment. I therefore regard the officer's return as not amended in this particular, and overrule the tenant's objection to the validity of the levy in this particular; and, upon the whole case as presented, decide that the demandant is entitled to judgment for the premises demanded in his writ.

To which ruling the defendant excepted.

*A. P. Gould,* for defendant, in support of exceptions.

*Ruggles,* for plaintiff, *contra.*

BY THE COURT — (APPLETON, C. J., CUTTING, KENT, WALTON and BARROWS, JJ.)

*Exceptions overruled.*